Aaron FAULK, Petitioner

v.

PHILADELPHIA CLERK OF COURTS, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 17, 2015. Decided May 28, 2015.

Aaron Faulk, pro se.

BEFORE: RENÉE COHN JUBELIRER, Judge, ROBERT SIMPSON, Judge, and ANNE E. COVEY, Judge.

OPINION BY Judge SIMPSON.

Aaron Faulk (Requester), an inmate housed at the State Correctional Institution at Smithfield, petitions for review from the Office of Open Records' (OOR) final determination that dismissed his appeal under the Right–to–Know Law (RTKL)[1] for lack of jurisdiction. Requester sought copies of his sentencing orders from the Philadelphia Clerk of Courts (Clerk), which is a "judicial agency" under the RTKL. Section 102 of the RTKL, 65 P.S. § 67.102. Requester appealed to OOR when Clerk did not timely respond to his request. Requester argues Clerk is subject to the RTKL, and the records he seeks are public judicial records. He also asserts OOR denied him due process in failing to consider the merits of his appeal despite Clerk's status as a judicial agency. Specifically, he contends OOR should have transferred his appeal to the proper appeals officer, and he claims a liberty interest in the alleged non-existence of his sentencing order. Discerning no error below, we affirm.

## I. Background

Requester submitted a RTKL request to Clerk dated August 28, 2014 for certified sentencing orders related to his criminal case. *See* Certified Record (C.R.), Item No. 1 (Request). According to Requester,[2] Clerk did not respond to his request within five business days as set forth in Section 901 of the RTKL, 65 P.S. § 67.901 (imposing five business day timeframe for response). Under the RTKL, an agency's failure to respond within this statutory timeframe constitutes a "deemed" denial. *Id.* Requester appealed the deemed denial to OOR.

Subsequent to filing his appeal, Requester received a copy of his Request returned to him with handwritten notations allegedly made by Clerk. C.R. at Item No. 1. On the first page, the docket numbers are handwritten at the top. On the second page, at the top of the page the notation states, "RTKL does not cover court records," and above the timeframe for response, it states "[w]e have 90 days to respond." *Id.*

OOR issued a final determination that dismissed Requester's appeal with prejudice. The final determination advised Requester that OOR lacked jurisdiction over his appeal because Clerk is a judicial agency.

Requester petitions for review from OOR's dismissal pursuant to Section 1301(a) of the RTKL, 65 P.S. § 67.1301(a). Clerk did not file a brief or otherwise participate in this appeal.

## II. Discussion

■ We review OOR's statutory jurisdiction as a matter of law. *Hearst Television, Inc. d/b/a WGAL–TV v. Norris*, 617 Pa. 602, 54 A.3d 23 (2012). Accordingly, our standard of review is plenary. *Dep't of Labor & Indus. v. Heltzel*, 90 A.3d 823 (Pa.Cmwlth.2014) (*en banc*).

### A. OOR's Jurisdiction

The RTKL explicitly confers jurisdiction on appeals officers within OOR to render determinations regarding records disputes involving Commonwealth and local agencies. Section 503(a) of the RTKL, 65 P.S. § 67.503(a). By contrast, appeals of disputes involving a judicial agency are appealed to an appeals officer so designated by that judicial agency. Sections 503(b)

---

1. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

2. Requester's submissions are the only materials contained in the record on appeal, including the contents of the certified record.

and 1101(a) of the RTKL, 65 P.S. §§ 67.503(b), 67.1101(a).

■ "Judicial agency" is defined by the RTKL as, "[a] court of the Commonwealth or any other entity or office of the unified judicial system." Section 102 of the RTKL, 65 P.S. § 67.102. "[C]lerks of court ... are personnel of the unified judicial system." *League of Women Voters of Greater Pittsburgh v. Allegheny Cnty.*, 819 A.2d 155, 158 n. 12 (Pa.Cmwlth.2003) (citing Section 102 of the Judicial Code, 42 Pa.C.S. § 102). Based on the express terms of the RTKL, judicial agencies, including Clerk, are not subject to OOR's jurisdiction. 65 P.S. § 67.503(b); *see Frazier v. Phila. Cnty. Office of Prothonotary*, 58 A.3d 858 (Pa.Cmwlth.2012); *Antidormi v. Lackawanna Cnty. Clerk of Courts* (Pa. Cmwlth., No. 274 C.D.2011, filed September 14, 2011) (unreported), 2011 WL 10841266.

Because OOR lacked jurisdiction over the appeal, OOR's dismissal with prejudice was proper. *Frazier.*

■ Further, OOR did not violate Requester's due process rights by neglecting to transfer his appeal to another appeals officer. Due process in this context is focused on affording notice to parties and others with a direct interest, and offering an opportunity to object to disclosure during the proceedings. *State Emps. Ret. Sys. v. Pennsylvanians for Union Reform*, 113 A.3d 9 (Pa.Cmwlth.2015). Rather than an initial burden on the agency, this Court construes Section 1101(a), 65 P.S. § 67.1101(a) (relating to filing an appeal), as placing the initial onus for compliance on a requester. *Padgett v. Pa. State Police*, 73 A.3d 644 (Pa.Cmwlth.2013) (dismissal for noncompliance with Section 1101(a) of the RTKL is proper). That onus includes properly directing the appeal to the designated appeals officer. *Cf. Pa. Gaming Control Bd. v. Office of Open Records, (Schneller)*, —— Pa. ——, 103 A.3d 1276 (2014) (placing onus on requester to properly direct request to open records officer; explaining requester's obligations to trigger RTKL protections).

## B. Access to Records of Judicial Agencies

Review of the RTKL as it pertains to judicial agencies is warranted in light of the number of appeals and petitions this Court receives from inmates related to requests for sentencing orders.[3]

### 1. Judicial agencies under the RTKL

As a matter of process, when Clerk did not timely respond to Requester's request, Requester should have appealed that deemed denial to the appeals officer designated by Clerk within 15 days. 65 P.S. § 67.1101(a) (relating to appeal requirements). Presumably, the Philadelphia County Court of Common Pleas has designated an appeals officer in accordance with Section 503(b) of the RTKL. Had Requester appealed to the appeals officer designated for Clerk, and *that* appeals officer did not respond by issuing a determination within 30 days, *then* Requester could properly appeal that deemed denial to this Court. Section 1301(a) of the RTKL, 65 P.S. § 67.1301(a).

We recognize the phrasing of Section 1301(a) is ambiguous in that it could be interpreted to mean a deemed denial should be appealed directly to this Court.

---

**3.** *See, e.g., Sturgis v. Dep't of Corr.*, 96 A.3d 445 (Pa.Cmwlth.2014); *Linton v. Office of Open Records (Phila. Clerk of Courts)* (Pa. Cmwlth., No. 1696 C.D.2014, filed May 14, 2015) (unreported), 2015 WL 5415376; *Gates v. Dep't of Corr.* (Pa.Cmwlth., No. 441 C.D. 2014, filed July 9, 2014) (unreported), 2014 WL 3362333; *Whitaker v. Dep't of Corr.* (Pa. Cmwlth., No. 1781 C.D.2012, filed March 8, 2013) (unreported), 2013 WL 3960981.

In pertinent part, that statutory provision states a requester may file a petition for review with the Commonwealth Court "[w]ithin 30 days of [either the mailing date of an appeals officer's determination]" or "the date a request for access is deemed denied." *Id.*

On the facts presented here, Requester's request for access was deemed denied when Clerk did not respond. Construing the date of filing a petition for review within 30 days of that deemed denial would be a fair reading of Section 1301(a). However, were we to construe the statute in that manner, all deemed denials of any RTKL appeals relating to a Commonwealth agency, a legislative agency or a judicial agency would be appealable directly to the Commonwealth Court without any attempt to involve an appeals officer. That would render superfluous the language of Section 1101(a), which states: "if a written request for access to a record is denied or *deemed denied,* the requester may file an appeal with the [OOR] or judicial, legislative or other appeals officer designated ... *or within 15 business days of a deemed denial.*" 65 P.S. § 67.1101(a) (emphasis added). It would also yield an absurd result whereby this Court would be flooded with direct appeals from various agencies' deemed denials without the benefit of a designated appeals officer's review.

■ Moreover, this Court strives to ensure the process of the RTKL is followed and respects the fact-finding capabilities of appeals officers who are familiar with the types of records requested within their

realm of expertise. *See Dep't of Educ. v. Bagwell,* 114 A.3d 1113 (Pa.Cmwlth.2015) (remanding to appeals officer to develop factual record); *Heltzel* (remanding to appeals officer to address RTKL exceptions in first instance). Therefore, in the interest of internal consistency among RTKL provisions, and to avoid an absurd result, we construe Section 1301(a) to trigger review by a Chapter 13 court only *after* an appeal to an appeals officer under Section 1102. *See* 1 Pa.C.S. § 1922(1).

## 2. Judicial Records: Public Nature vs. Public Access

■ Requester also contends the RTKL should allow him access to his sentencing orders because such records are public as judicial records. For clarity, we distinguish between "public records" under the RTKL and records to which the public may be entitled through alternate means.

■ The RTKL is not the sole mechanism for obtaining records from judicial agencies. Indeed, the RTKL offers limited access restricted by its terms to a defined type of records of judicial agencies. Thus, unlike records of Commonwealth or local agencies, where *all* records in their possession are presumed public, only "financial records"[4] of judicial agencies are accessible through the RTKL. This is in part because the courts are always open under our Constitution, and court records remain accessible to members of the public outside the RTKL.[5] *See* PA. CONST., art. I,

---

**4.** Financial records are defined as:

(1) any account, voucher or contract dealing with: (i) the receipt or disbursement of funds by an agency; or (ii) an agency's acquisition, use or disposal of services, supplies, materials, equipment or property; (2) the salary or other payments or expenses paid to an officer or employee of an agency, including the name and title

of the officer or employee; [and] (3) a financial audit report.

65 P.S. § 67.102 (definitions).

**5.** The common law provides the public with a right of access to inspect and copy public judicial records. "Documents that are filed with the court and, in particular, those that are used by the judge in rendering a decision

§ 11 ("[a]ll courts shall be open"); *Commonwealth v. Fenstermaker*, 515 Pa. 501, 530 A.2d 414 (1987) (discussing common law right of access to criminal courts and to court records).

That sentencing orders do not qualify as "public records" under the RTKL does not diminish their public nature. Accordingly, although Clerk is not duty-bound to disclose court records under the RTKL, Requester may seek access to court records outside the constraints RTKL's statutory scheme imposes on access to records of a judicial agency.

### C. Liberty Interest

 To the extent Requester claims a liberty interest in his sentencing order, this Court previously rejected similar arguments on similar facts. *See Sturgis v. Dep't of Corr.*, 96 A.3d 445 (Pa.Cmwlth. 2014); *Gates v. Dep't of Corr.* (Pa.Cmwlth., No. 441 C.D.2014, filed July 9, 2014) (unreported), 2014 WL 3362333. Here, Requester appended a Department of Corrections (DOC) attestation of non-existence to his OOR appeal to support his argument that he is being improperly incarcerated without a copy of his sentencing order. In *Gates*, when an inmate argued the non-existence of the sentencing order was grounds for his release, we explained this

Court is not in a position to rule on the legality of incarceration when DOC does not have a copy of the sentencing order. *See also Sturgis*. Similarly, we do not consider the Clerk's alleged refusal to produce a copy of Requester's sentencing order here, and the alleged deprivation of liberty that causes. Additionally, the RTKL does not offer a vehicle for collaterally attacking a conviction. *See Guarrasi v. Scott*, 25 A.3d 394 (Pa.Cmwlth.2011)

### III. Conclusion

The merits of Requester's alleged common law right to access to court records are not properly before this Court. In this procedural posture, we address only whether OOR's dismissal of Requester's appeal was proper. Discerning no error below, we affirm.

### ORDER

**AND NOW,** this 28th day of May, 2015, the final determination of the Office of Open Records is **AFFIRMED.**

---

are clearly considered public judicial documents." *Commonwealth v. Long*, 592 Pa. 42, 922 A.2d 892, 898 (2007); *see Guarrasi v.*

*Scott*, 25 A.3d 394 (Pa.Cmwlth.2011) (recognizing common law right of access for qualifying judicial records).