# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daryl Locke,                                   :
                Petitioner          :
                                       :
           v.                               :      No. 1922 C.D. 2014
                                       :      SUBMITTED:  April 17, 2015
Philadelphia Clerk of Courts,                  :
                Respondent         :

**BEFORE:**     **HONORABLE BONNIE BRIGANCE LEADBETTER,** Judge
                     **HONORABLE RENÉE COHN JUBELIRER,** Judge
                     **HONORABLE PATRICIA A. McCULLOUGH,** Judge

**<u>OPINION NOT REPORTED</u>**

**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER**                            **FILED:  September 10, 2015**

Daryl Locke, an inmate at the State Correctional Institution at Smithfield, petitions for review of the final determination of the Office of Open Records (OOR) that dismissed with prejudice his appeal filed under the Right-to-Know Law (Law), Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101 - 67.3104. OOR concluded that it lacked jurisdiction over Locke's request made to the Clerk of the Court of Common Pleas of Philadelphia County (Clerk) for certified copies of sentencing orders issued in his criminal cases.  We affirm.[1]

On September 4, 2014, Locke submitted a request for certified copies of the sentencing orders issued in his criminal cases.  Locke averred that the Clerk failed to respond to the request within five business days and that the request was

---

[1] By order dated March 31, 2015, this Court precluded the Clerk from filing a brief for failure to comply with the prior order directing the Clerk to do so.

therefore deemed denied under Section 901 of the Law, 65 P.S. § 67.901. Locke filed an appeal with OOR which issued a final determination on September 24, 2014, dismissing his appeal with prejudice. OOR concluded that the Clerk is a "judicial agency" which is not subject to OOR's jurisdiction.

Locke challenges OOR's determination that it lacked jurisdiction over the Clerk. He argues that sentencing orders are public records subject to disclosure under the Law. He asserts that sentencing orders are the only documents authorizing his confinement and that his confinement would be unlawful without the sentencing orders. He insists that OOR should have transferred his request to the proper appeals officer. Finally, he claims that the denial of his request violated his liberty interests and due process rights.

A determination of OOR's jurisdiction requires interpretation of the statutory language of the Law; accordingly, our review of OOR's order is plenary. *Bockelman Trucking v. Pa. Prevailing Wage Appeals Bd.*, 30 A.3d 616, 621 (Pa. Cmwlth. 2011). OOR designates an appeals officer to hear disputes for all Commonwealth agencies and local agencies. Section 503(a) of the Law, 65 P.S. § 67.503(a). By contrast, a "judicial agency," not OOR, designates an appeals officer to hear appeals under Chapter 11 of the Law (appeal of agency determination). Section 503(b) of the Law, 65 P.S. § 67.503(b). A "judicial agency" is "[a] court of the Commonwealth or any other entity or office of the unified judicial system." Section 102 of the Law, 65 P.S. § 67.102. Clerks of court "are personnel of the unified judicial system." *League of Women Voters of Greater Pittsburgh v. Allegheny Cnty.*, 819 A.2d 155, 158 n.12 (Pa. Cmwlth. 2003) (citing Section 102 of the Judicial Code, *as amended*, 42 Pa. C.S. § 102). Under the express terms of the Law, therefore, "judicial agencies, including Clerk, are not

subject to OOR's jurisdiction." *Faulk v. Phila. Clerk of Courts*, 116 A.3d 1183, 1186 (Pa. Cmwlth. 2015). Hence, OOR properly dismissed Locke's appeal with prejudice for lack of jurisdiction.

Moreover, sentencing orders requested by Locke do not qualify as "public records" under the Law. This Court explained:

> The [Law] is not the sole mechanism for obtaining records from judicial agencies. Indeed, the [Law] offers limited access restricted by its terms to a defined type of records of judicial agencies. Thus, unlike records of Commonwealth or local agencies, where *all* records in their possession are presumed public, only "financial records" of judicial agencies are accessible through the [Law] ….
>
> That sentencing orders do not qualify as "public records" under the [Law] does not diminish their public nature. Accordingly, although Clerk is not duty-bound to disclose court records under the [Law], Requester may seek access to court records outside the constraints [the Law's] statutory scheme imposes on access to records of a judicial agency.

*Faulk*, 116 A.3d at 1187-88 (footnotes and citations omitted; emphasis in original).

Under Section 1101(a) of the Law (relating to filing an appeal), a requester, not the agency, has the initial onus for properly directing the appeal to the designated appeals officers. *Faulk*, 116 A.3d at 1186. Therefore, OOR did not violate Locke's due process rights by not transferring his appeal to another appeals officer. *Id.* Locke's claim of a liberty interest in the sentencing orders must also be rejected. As in this case, the requester in *Faulk* appended the Department of Corrections' attestation of non-existence of the sentencing order to his appeal to argue that he was being improperly incarcerated without a copy of his sentencing order. In rejecting the argument, this Court stated:

> [W]e explained this Court is not in a position to rule on the legality of incarceration when [the Department] does

not have a copy of the sentencing order. … Similarly, we do not consider the Clerk's alleged refusal to produce a copy of Requester's sentencing order here, and the alleged deprivation of liberty that causes. Additionally, the [Law] does not offer a vehicle for collaterally attacking a conviction.

*Id.* at 1188.

Accordingly, OOR's final determination is affirmed.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daryl Locke, : 
          Petitioner : 
           : 
       v. : No. 1922 C.D. 2014
           : 
Philadelphia Clerk of Courts, : 
          Respondent : 

# O R D E R

AND NOW, this 10th day of September, 2015, the final determination of the Office of Open Records in the above-captioned matter is AFFIRMED.

 

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge