# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James E. Nixon, Sr.,            :
              Petitioner     :
                         :
            v.             :   No. 706 C.D. 2016
                         :   Submitted: September 29, 2017
Philadelphia County Clerk of Courts,   :
           Respondent    :

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**            **FILED: November 14, 2017**

James E. Nixon, Sr., pro se, an inmate at the State Correctional Institution at Rockview, petitions for review of the April 12, 2016 Final Determination of the Office of Open Records (OOR) that transferred his appeal filed under the Right-to-Know Law[1] (RTKL) to the Appeals Officer for the Philadelphia County Clerk of Courts because OOR lacked jurisdiction to hear it. Upon review, we affirm.

On or about March 21, 2016, Nixon submitted a request to the "Right to Know Officer[,] Criminal Division" of the Office of Judicial Records (OJR) for

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

Philadelphia County,[2] seeking a variety of documents related to Nixon's criminal case, entitled *Commonwealth v. James E. Nixon*, No. CP-51-CR-031114-98.[3] Nixon apparently did not receive a response from OJR, so he filed an appeal with OOR, which was received on April 8, 2016.

On April 12, 2016, OOR issued its Final Determination transferring Nixon's appeal to the Appeals Officer for the Philadelphia County Clerk of Courts. (Certified Record (C.R.) Item 2, Final Determination at 1-2.) In doing so, OOR stated that the Philadelphia County Clerk of Courts is a "judicial agency" under Section 503(b) of the RTKL and, thus, OOR does not have jurisdiction to hear an appeal related to a request for records of a judicial agency. (*Id.* (citing 65 P.S. § 67.503(b)).) Instead, OOR continued, an appeal involving the denial of a records request from a judicial agency is to be heard by the appeals officer appointed by the relevant judicial agency. (*Id.* at 2.) Accordingly, OOR transferred Nixon's appeal to the Appeals Officer for the Philadelphia County Clerk of Courts. (*Id.*) Nixon appeals from OOR's Final Determination.[4]

Although Nixon's brief is hard to follow, he asks this Court to order the Philadelphia County Clerk of Courts to release the records of his criminal case to him so that he can prepare a post-conviction motion.

Nixon made his request to OJR, which is a "judicial agency" as that term is defined in Section 102 of the RTKL, 65 P.S. § 67.102 (defining judicial agency as "[a] court of the Commonwealth or any entity or office of the unified judicial

---

[2] The Philadelphia Clerk of Courts is actually OJR, which is the custodian of criminal records for the First Judicial District of Pennsylvania.

[3] Nixon's request was addressed to 1301 Filbert Street, Suite 310, which is where the Office of Judicial Records – Criminal is located.

[4] Our review of OOR's statutory jurisdiction involves a question of law and, thus, our standard of review is *de novo*. *Bowling v. Office of Open Records*, 75 A.3d 453, 475-76 (Pa. 2013).

system"). *See Faulk v. Phila. Clerk of Courts*, 116 A.3d 1183, 1185-86 (Pa. Cmwlth. 2015) (holding that the Philadelphia Clerk of Courts is a judicial agency under the RTKL). When OJR did not provide a response to Nixon within five business days of its receipt of his written request, it was "deemed denied." Section 901 of the RTKL, 65 P.S. § 67.901. In order to appeal that denial, Nixon had to appeal to the Appeals Officer designated by OJR, and not to OOR. 65 P.S. § 67.503(a), (b);[5] Section 1101(a) of the RTKL, 65 P.S. § 67.1101(a);[6] *see Faulk*, 116 A.3d at 1185 (stating that "appeals of disputes involving a judicial agency are appealed to an appeals officer so designated by that judicial agency"). Thus, OOR correctly concluded that it did not have jurisdiction to hear Nixon's appeal. 65 P.S.

---

[5] Section 503 of the RTKL provides, in pertinent part:

**(a) Commonwealth agencies and local agencies.--**Except as provided in subsection (d), the Office of Open Records established under section 1310 shall designate an appeals officer under section 1101(a)(2) for all:
   (1) Commonwealth agencies; and
   (2) local agencies.
**(b) Judicial agencies.--**A judicial agency shall designate an appeals officer to hear appeals under Chapter 11.

65 P.S. § 67.503(a), (b).

[6] Section 1101(a)(1) of the RTKL provides,

(1) If a written request for access to a record is denied or deemed denied, the requester may file an appeal with the Office of Open Records or judicial, legislative or other appeals officer designated under section 503(d) within 15 business days of the mailing date of the agency's response or within 15 business days of a deemed denial. The appeal shall state the grounds upon which the requester asserts that the record is a public record, legislative record or financial record and shall address any grounds stated by the agency for delaying or denying the request.

65 P.S. § 67.1101(a)(1).

§ 67.503(a), (b); *Frazier v. Phila. Cnty. Office of Prothonotary*, 58 A.3d 858, 859 (Pa. Cmwlth. 2012). Although, at that point, OOR could have dismissed Nixon's appeal for want of jurisdiction, it instead transferred his appeal to the Appeals Officer for the Philadelphia County Clerk of Courts. *Cf. Faulk*, 116 A.3d at 1186 (concluding that "OOR did not violate Requester's due process rights by neglecting to transfer his appeal to another appeals officer").[7]

Moreover, even if OOR had jurisdiction, none of the records Nixon requested are subject to disclosure under the RTKL. The RTKL limits the disclosure of a judicial agency's records to "financial records,"[8] and all of Nixon's requests relate to records from his criminal case. Sections 102 and 304 of the RTKL, 65 P.S. §§ 67.102, 67.304;[9] *see Faulk*, 116 A.3d at 1188 (holding that a sentencing order is not a financial record under the RTKL); *Frazier*, 58 A.3d at 860 (concluding that an autopsy report is not a financial record under the RTKL). However, we note, "[t]he RTKL is not the sole mechanism for obtaining records from judicial agencies." *Faulk*, 116 A.3d at 1187; *see* Pa. R. Crim. P. 113(A) (stating that upon request, the clerk of the court shall provide copies of a criminal case file at a reasonable cost).

---

[7] Neither party argues that OOR lacked the authority to transfer Nixon's appeal to the appeals officer for OJR.

[8] Financial records are defined as:

> (1) [a]ny account, voucher or contract dealing with: (i) the receipt or disbursement of funds by an agency; or (ii) an agency's acquisition, use or disposal of services, supplies, materials, equipment or property[;] (2) [t]he salary or other payments or expenses paid to an officer or employee of an agency, including the name and title of the officer or employee[; and] (3) [a] financial audit report.

65 P.S. § 67.102 (definitions).

[9] Under Section 304(a) of the RTKL, "[a] judicial agency shall provide financial records in accordance with this act or any rule or order of court providing equal or greater access to the records." 65 P.S. § 67.304(a).

"[T]he courts are always open under our Constitution, and court records remain accessible to members of the public outside the RTKL."[10] *Faulk*, 116 A.3d at 1187. Thus, Nixon "may seek access to court records outside the constraints RTKL's statutory scheme imposes on access to records of a judicial agency." *Id.* at 1188.[11]

Accordingly, we affirm.

_____
**RENÉE COHN JUBELIRER**, Judge

---

[10] Nixon claims that he has attempted to obtain these records through other avenues, including his attorney.

[11] Nixon appears to claim that once OOR transferred his appeal to OJR, OJR's Appeals Officer never responded. To the extent Nixon is claiming that his appeal to OJR's Appeals Officer must be deemed denied based on the passage of time and that we should reach the merits of his request, the RTKL provides that an appeals officer "shall make a final determination which shall be mailed to the requester and the agency within 30 days of receipt of the appeal." Section 1101(b)(1) of the RTKL, 65 P.S. § 67.1101(b)(1). The failure of the appeals officer to issue a final determination within 30 days results in the appeal being deemed denied. 65 P.S. § 67.1101(b)(2). "Within 30 days of the mailing date of the final determination of the appeals officer . . . or the date a request for access is deemed denied," a requester may file an appeal with this Court. Section 1301(a) of the RTKL, 65 P.S. § 67.1301(a). Thirty days had not passed from the time OOR transferred Nixon's appeal to OJR's Appeals Officer to Nixon's filing of his appeal with this Court. Moreover, Nixon's Notice of Appeal is from the Final Determination and not from any denial, or deemed denial, of his appeal to OJR's Appeals Officer. In any event, as we have discussed, none of the records Nixon requested are subject to disclosure under the RTKL.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James E. Nixon, Sr., : 
                Petitioner : 
                 : 
            v. :   No. 706 C.D. 2016
                 : 
Philadelphia County Clerk of Courts, : 
                Respondent : 

## **O R D E R**

**NOW**, November 14, 2017, the April 12, 2016 Final Determination of the Office of Open Records, entered in the above-captioned matter, is hereby **AFFIRMED**.

 

_____
**RENÉE COHN JUBELIRER,** Judge