# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Walter Smith, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 945 C.D. 2019 |
| | : | Submitted: June 5, 2020 |
| Philadelphia Office of Judicial | : | |
| Records, | : | |
| Respondent | : | |

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE J. ANDREW CROMPTON, Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                          **FILED:  September 25, 2020**

Walter Smith (Petitioner), pro se, petitions for review of a Final Determination of the Pennsylvania Office of Open Records (OOR) dated June 27, 2019, which dismissed Petitioner's Right-to-Know Law[1] (RTKL) appeal as deficient for lack of jurisdiction.  Upon review, it is clear the OOR correctly determined that it did not have jurisdiction over Petitioner's RTKL appeal from a judicial agency and, therefore, we affirm.

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

## I.    Factual Background and Procedure

On May 7, 2019, Petitioner allegedly submitted a letter to the Philadelphia Office of Judicial Records (OJR) therein requesting a copy of the "Written Judgment of Sentence Order" (Requested Document) in case number CP-983, 9-82 (Request).[2] (Petitioner's Brief (Br.) Ex. B.)  That case appears to be a criminal case in which Petitioner was the defendant.  Petitioner concluded the Request by stating that if he did "not receive either a copy of the requested document or [an] 'Attestation of Nonexistence of Record,' within twenty (20) working days from the date of this formal request, [he] w[ould] deem said request denied by [] operation of law." (*Id.*)

According to Petitioner, he never received a response from the OJR nor did he receive the Requested Document.  As such, Petitioner filed an appeal with the OOR on June 14, 2019, using one of the OOR's standard appeal forms.  (Petitioner's Br. Ex. C.)  The OOR issued a Final Determination on June 27, 2019.  Therein, the OOR dismissed Petitioner's appeal as deficient for lack of jurisdiction.  Specifically, the OOR determined that it "does not have jurisdiction over judicial agencies, which includes the" OJR and that "[r]equests for case records can be made to a judicial records custodian, pursuant to the Pennsylvania Unified Judicial System's Public Access Policy."  (Petitioner's Br. Ex. A.)

Petitioner then filed the instant petition with this Court.[3]

---

[2] Petitioner's Request was directed to the "Philadelphia Clerk of Courts."  In Philadelphia, the OJR is the custodian of criminal records.  Petitioner's later filings acknowledge this.  As such, we will refer to the agency at issue as the OJR.

[3] "We review [the] OOR's statutory jurisdiction as a matter of law.  Accordingly, our standard of review is plenary." *Faulk v. Phila. Clerk of Courts*, 116 A.3d 1183, 1185 (Pa. Cmwlth. 2015) (citation omitted).

## II.    Discussion

In his brief to this Court, Petitioner, citing Section 701 of the RTKL, 65 P.S. § 67.701, contends that the Requested Document is a record to which he is entitled access. According to Petitioner, the OJR did not confirm or deny the existence of the Requested Document. Citing Section 705 of the RTKL, 65 P.S. § 67.705, Petitioner argues the OJR, at the very least, had to provide an attestation that the Requested Document does not exist. Since the OJR did not respond to his Request, Petitioner asserts he "was well within [his] right[]s afforded him by the [RTKL] to file an appeal to the [OOR]." (Petitioner's Br. at 8.) Petitioner appears to make alternative arguments. Citing *Office of Open Records v. Center Township*, 95 A.3d 354 (Pa. Cmwlth. 2014), Petitioner implies that the OOR had jurisdiction to consider his appeal. On the other hand, citing *Philadelphia District Attorney's Office v. Stover*, 176 A.3d 1024 (Pa. Cmwlth. 2017), Petitioner recognizes that the RTKL creates the right to appeal "from a judicial agency directly to this Court." (*Id.* at 7-8.) Petitioner additionally states in his brief that he "was only seeking the assistance of the [OOR] via an appeal to determine whether or not the" Requested Document "was in fact in the possession of the" OJR.[4] (*Id.* at 8.)

The OJR responds that this Court has consistently held "that a court's filing office and custodian of case files – such as the OJR – is a judicial agency and, therefore, the OOR has no jurisdiction." (OJR's Br. at 4.) Noting that "criminal case records are publically available, the RTKL as it applies to a judicial agency is limited to providing financial records." (*Id.* at 4-5.) Therefore, the OJR concludes, "the RTKL is not the proper means to obtain" the Requested Document because that document is a case record, not a financial record. (*Id.* at 5.)

---

[4] In his brief, Petitioner asserts that the Requested Document "is being sought to determine whether his confinement is constitutional[]." (Petitioner's Br. at 10.)

3

Upon review, it is clear that the OOR did not have jurisdiction over Petitioner's appeal. The RTKL provides different appeal processes depending on which type of agency the dispute involves. "If a written request for access to a record is denied or deemed denied, the requester may file an appeal with the [OOR] or judicial, legislative or other appeals officer . . . within 15 business days of the mailing date of the agency's response or within 15 business days of a deemed denial." Section 1101(a)(1) of the RTKL, 65 P.S. § 67.1101(a)(1). Pursuant to Section 503(a) of the RTKL, 65 P.S. § 67.503(a), the OOR is specifically conferred with jurisdiction to hear RTKL appeals involving a Commonwealth or local agency. However, pursuant to Section 503(b) of the RTKL, jurisdiction over RTKL appeals involving a judicial agency is conferred to an appeals officer designated by that judicial agency. Section 102 of the RTKL defines the term "[j]udicial agency" to include "[a] court of the Commonwealth or any other entity or office of the unified judicial system." 65 P.S. § 67.102.

We have consistently held that a court's filing office, such as a prothonotary's office, clerk of courts' office, or, in this case, the OJR, are included within the RTKL's definition of "judicial agency." *Nixon v. Phila. Cty. Clerk of Courts* (Pa. Cmwlth., No. 706 C.D. 2016, filed Nov. 14, 2017), slip op. at 3;[5] *Faulk v. Phila. Clerk of Courts*, 116 A.3d 1183, 1186 (Pa. Cmwlth. 2015); *Frazier v. Phila. Cty. Office of the Prothonotary*, 58 A.3d 858, 859-60 (Pa. Cmwlth. 2012). Petitioner cites our decisions in *Center Township* and *Stover* as support for his position that the OOR does have jurisdiction over his appeal. *Center Township* is inapposite as that case did not concern a judicial agency. *Stover*, on the other hand, is pertinent but

---

[5] Pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b), and Section 414(a) of the Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), unreported panel decisions of this Court may be cited for their persuasive value.

does not support Petitioner's position. In *Stover*, this Court maintained that under the RTKL, an appeal from a judicial agency proceeds to that agency's appeals officer and then "directly to this Court," bypassing the OOR. 176 A.3d at 1027. Thus, even if the OJR did not respond to Petitioner's RTKL request, the OOR did not have jurisdiction over Petitioner's appeal. 65 P.S. § 67.503(a). Had the request been subject to disclosure under the RTKL, Petitioner should have directed his appeal to the OJR's designated appeals officer rather than the OOR. 65 P.S. § 67.503(b).

The Requested Document, however, is not subject to disclosure under the RTKL. "[U]nlike records of Commonwealth or local agencies, where **all** records in their possession are presumed public," *Faulk*, 116 A.3d at 1187, Section 304(a) of the RTKL, 65 P.S. § 67.304(a), limits the disclosure of a judicial agency's records to "financial records," which are "presumed to be open to any member of the public" pursuant to Pennsylvania Rule of Judicial Administration 509(a), Pa.R.J.A. No. 509(a). The RTKL defines the term "financial record" as:

(1) Any account, voucher or contract dealing with:

    (i)    the receipt or disbursement of funds by an agency; or

    (ii)    an agency's acquisition, use or disposal of services, supplies, materials, equipment or property.

(2) The salary or other payments or expenses paid to an officer or employee of an agency, including the name and title of the officer or employee.

(3) A financial audit report. The term does not include work papers underlying an audit.

65 P.S. § 67.102. The Requested Document relates to Petitioner's criminal case and, therefore, is not a financial record subject to disclosure.

5

Importantly, this does not foreclose Petitioner's access to the Requested Document to the extent that it exists. "The RTKL is not the sole mechanism for obtaining records from judicial agencies." *Faulk*, 116 A.3d at 1187. "[T]he courts are always open under our Constitution and court records remain accessible to members of the public outside the RTKL." *Id.* We note, as the OOR did in its Final Determination, that case information is generally publicly available pursuant to the Pennsylvania Unified Judicial System's Public Access Policy, available at https://ujsportal.pacourts.us/CaseInformation.aspx (last visited Sept. 3, 2020). Additionally, pursuant to Pennsylvania Rule of Criminal Procedure 113(a), "[u]pon request, the clerk shall provide copies" of a criminal case file "at [a] reasonable cost." Pa.R.Crim.P. 113(a).

### III. Conclusion

We have repeatedly held that the OOR does not have jurisdiction over RTKL appeals involving judicial agencies. As such, the OOR correctly determined that it did not have jurisdiction over Petitioner's appeal. Even if Petitioner had directed his appeal to the appropriate OJR appeals officer, the Requested Document is not subject to disclosure under the RTKL because it is not a financial record.

_____
**RENÉE COHN JUBELIRER,** Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Walter Smith, : 
           Petitioner : 
                 : 
                 : 
        v. : No. 945 C.D. 2019
                 : 
Philadelphia Office of Judicial : 
Records, : 
           Respondent : 

## O R D E R

**NOW**, September 25, 2020, the Final Determination of the Pennsylvania Office of Open Records dated June 27, 2019, is hereby **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** Judge