# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jerry Daniels,                                          :
                              Petitioner                :
                                                       :
                    v.                                 :      No. 1571 C.D. 2023
                                                       :      Submitted: November 7, 2024
Adams County Clerk of Courts                           :
(Office of Open Records),                              :
                              Respondent               :

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge
            HONORABLE LORI A. DUMAS, Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER          FILED: December 20, 2024


Jerry Daniels (Requester), proceeding pro se, petitions for review of a Final Determination of the Office of Open Records (OOR), dismissing an administrative appeal for lack of jurisdiction from the Adams County Clerk of Courts' (Clerk of Courts) deemed denial of a request made under the Right-to-Know Law (RTKL)[1] because Clerk of Courts is a judicial agency and case record access is subject to the Unified Judicial System's Public Access Policy. Upon careful review, it is clear the OOR correctly determined that it lacked jurisdiction over Requester's RTKL appeal from a judicial agency and, therefore, we affirm.

## I.    BACKGROUND

The facts of this case are not in dispute. Requester is currently incarcerated at the State Correctional Institution at Frackville. On September 23, 2023, Requester

---

[1] Act of February 14, 2008, P.L. 6, *as amended*, 65 P.S. §§ 67.101-67.3104.

submitted an RTKL request to Clerk of Courts, seeking "all secure dockets," "all arrest warrants that was [sic] issued," and "copies of all fingerprint cards," for eight separate offense tracking numbers.[2] (OOR Ex. 1 at 3.) According to Requester, no response was received from Clerk of Courts and none of the requested records were produced, resulting in a deemed denial of the RTKL request. (*Id.* at 2.) On December 7, 2023, the OOR received an appeal from Requester filed on one of the OOR's standard appeal forms. (*Id.* at 2.)

The following day, on December 8, 2023, the OOR issued a Final Determination dismissing Requester's appeal as deficient for lack of jurisdiction. Specifically, the OOR found, relying on our decision in *Faulk v. Philadelphia Clerk of Courts*, 116 A.3d 1183 (Pa. Cmwlth. 2015), that the OOR lacks jurisdiction over judicial agencies. (Final Determination, OOR Ex. 2 at 2.) The OOR explained "[c]ase records can be requested from judicial records custodians pursuant to the Unified Judicial System's Public Access Policy," and provided a website for more information. (*Id.*) Considering its lack of jurisdiction, the OOR's Final Determination indicated that Clerk of Courts was not required to take any additional action related to Requester's RTKL request and dismissed Requester's administrative appeal. Requester now petitions this Court for review.

## II. PARTIES' ARGUMENTS

On appeal, Requester presents multiple arguments. Requester first contends that Clerk of Courts acted in bad faith by withholding the subject records because the records are publicly accessible. (Requester's Brief (Br.). at 8.) Requester next

---

[2] On the OOR standard appeal form, Requester states that "[a]ll fingerprint cards for # 1-7" are public records. (OOR Ex. 1 at 2.) However, in the RTKL request, Requester lists eight separate offense tracking numbers and requests records for same. (*Id.* at 3.)

2

argues that Clerk of Courts "has willfully, maliciously, and with the reckless regard for the truth" denied Requester's RTKL request. (*Id*.) Requester also contends that Clerk of Courts has a duty to produce the subject records because the records are public and Requester "has a legal and Constitutional right to access." (*Id*.) Requester finally argues that Clerk of Courts has committed fraud because Clerk of Courts does not have the subject records, resulting in a violation of Requester's due process rights and Requester's illegal confinement for 18 years, and that unnamed attorneys are filing documents without Requester's knowledge. (*Id*. at 8, 10-11.) On this point, Requester essentially claims that the subject records were requested to show that an arrest warrant was never actually issued in Requester's underlying criminal conviction and, as such, Requester's confinement is illegal. (*Id*. at 10-11.) Requester concludes that there is purportedly an ongoing ploy subject to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, perpetrated by Clerk of Courts, and that this Court should sanction Clerk of Courts for the deemed denial and remove all illegal charges from Requester's record. (*Id*. at 12.)[3]

Clerk of Courts counters that it is a judicial agency and is not subject to the RTKL, thus, leaving the OOR without jurisdiction. (Clerk of Courts' Brief (Br.) at 1.) Specifically, Clerk of Courts analogizes the instant matter to *Faulk*, where this Court held that an inmate was not entitled to various records requested from a county

---

[3] On appeal, Requester also requests that this Court take judicial notice of *Daniels v. Pennsylvania Parole Board* (Pa. Cmwlth., No. 490 C.D. 2023, filed June 5, 2024). In this case, we affirmed the Pennsylvania Parole Board's decision recommitting Requester to a state correctional institution as a convicted parole violator to serve six months' backtime. Requester has petitioned our Supreme Court for allowance of appeal, which remains pending. *See Daniels v. Pa. Parole Bd.* (Pa., No. 298 MAL 2024). Requester further requests that this Court take judicial notice of another case under the case number, 2023-SU-1049, where Requester purportedly has filed a habeas petition.

clerk of courts under the RTKL because the clerk's office is a judicial agency and not subject to the RTKL or the jurisdiction of the OOR. (*Id*. at 2.) Clerk of Courts asserts that in line with our holding in *Faulk*, the OOR correctly determined that it lacks jurisdiction. (*Id*.) Clerk of Courts further contends that Requester incorrectly filed a request under the RTKL when Requester instead should have followed the guidance from the Unified Judicial System's Public Access Policy. (*Id*.) Clerk of Courts does not address any of Requester's other arguments, stating they "are outside of the very narrow issue on appeal, which is [Requester's] appeal of what [Requester] considered a deemed denial of [the] RTKL request." (*Id*.) Clerk of Courts concludes that because the requested records are not subject to the RTKL, it was not error for the OOR to dismiss Requester's administrative appeal for lack of jurisdiction. (*Id*. at 3.)

## III.  DISCUSSION[4]

We begin by recognizing that the RTKL was enacted "to empower citizens by affording them access to information concerning the activities of their government." *SWB Yankees LLC v. Wintermantel*, 45 A.3d 1029, 1042 (Pa. 2012). "The RTKL is designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions." *McKelvey v. Pa. Dep't of Health*, 255 A.3d 385, 400 (Pa. 2021) (internal quotation marks and citation omitted). In accordance with this statutory purpose, "[a] record in the possession of a Commonwealth agency or local

---

[4] Where the issue is plainly one of jurisdiction "[w]e review [the] OOR's statutory jurisdiction as a matter of law. Accordingly, our standard of review is plenary." *Faulk*, 116 A.3d at 1185.

4

agency shall be presumed to be a public record." Section 305(a) of the RTKL, 65 P.S. § 67.305(a).

However, "the RTKL distinguishes between judicial agencies and other government agencies." *Scolforo v. County of York*, 298 A.3d 193, 206 (Pa. Cmwlth. 2023). "[O]nly a financial record in the possession of a judicial agency shall be presumed to be available . . . . [and] unlike other agencies, the presumption of the public nature of a record for judicial agencies does not arise until after the judicial agency reviews the record and decides whether it is a 'financial record.'" *Id*. Moreover, while "[t]he RTKL explicitly confers jurisdiction on appeals officers within [the] OOR to render determinations regarding records disputes involving Commonwealth and local agencies . . . , [b]y contrast, appeals of disputes involving a judicial agency are appealed to an appeals officer so designated by that judicial agency." *Faulk*, 116 A.3d at 1185-86, *See also* Section 503(b) of the RTKL, 65 P.S. § 67.503(b) ("A judicial agency shall designate an appeals officer to hear appeals under Chapter 11.").

In defining a judicial agency under the RTKL, "[w]e have consistently held that a court's filing office, such as a prothonotary's office, clerk of courts' office, or, . . . the Office of Judicial Records, are included within the RTKL's definition of 'judicial agency.'" *Scolforo*, 298 A.3d at 208. As such, "[b]ased on the express terms of the RTKL, judicial agencies, including [clerks of courts], are not subject to [the] OOR's jurisdiction." *Faulk*, 116 A.3d at 1186 (citation omitted).

In *Faulk*, we affirmed an OOR final determination dismissing an inmate appeal under the RTKL for lack of jurisdiction. The inmate's RTKL request sought copies of sentencing orders for an underlying criminal conviction from a county clerk of courts' office. 116 A.2d at 1185. The clerk of courts did not respond to the

5

request, resulting in a deemed denial, and the inmate appealed to the OOR where the appeal was dismissed as jurisdictionally deficient. *Id*. On review to this Court, the inmate claimed due process and liberty interest violations based on the OOR's failure to transfer the administrative appeal to the appropriate appeals officer instead of issuing a dismissal order. *Id*. In affirming the OOR's dismissal, pursuant to our decision in *League of Women Voters of Greater Pittsburgh v. Allegheny County*, 819 A.2d 155 (Pa. Cmwlth. 2003), we reasoned that clerks of court are personnel of the Unified Judicial System and because the RTKL defines a judicial agency, in relevant part, as "any [] entity or office of the [U]nified [J]udicial [S]ystem," dismissal with prejudice was proper for want of jurisdiction. *Id*. at 1186. We further concluded that the "OOR did not violate [the inmate's] due process rights by neglecting to transfer his appeal to another appeals officer," instead of dismissing the administrative appeal. *Id*.

In *Nixon v. Philadelphia County Clerk of Courts* (Pa. Cmwlth., No. 706 C.D. 2016, filed November 14, 2017),[5] we affirmed an OOR final determination transferring an administrative appeal of a deemed denial of an RTKL request to an appeals officer of the county clerk of courts. The requester, an inmate, sought the release of the criminal case record for an underlying criminal conviction to assist with the preparation of a petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. *Id*., slip op. at 2. In affirming the transfer order, we determined that the county clerk of courts office is a judicial agency under the RTKL and, as such, is not subject to the confines of the RTKL. *Id*., slip op. at 3-4. We concluded that while the OOR could have "dismissed [the] appeal for want of

---

[5] Unreported opinions of this Court issued after January 15, 2008, may be cited for their persuasive value. *See* Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P 126(b); Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

jurisdiction," transfer to the designated appeals officer was appropriate. *Id.*, slip op. at 4.

Here, the facts of this case are similar to *Faulk* and *Nixon*. Requester sought, through an RTKL request, "all secure dockets," "all arrest warrants that was [sic] issued," and "copies of all fingerprint cards" for an underlying criminal conviction for which Requester has allegedly been incarcerated for over 18 years. (OOR Ex. 1 at 3.) Clerk of Courts did not respond to Requester's RTKL request, resulting in a deemed denial. (*Id.* at 2.) Requester filed an administrative appeal with the OOR, which was dismissed for lack of jurisdiction. (OOR Ex. 2 at 2.)

On appeal to this Court, Requester presents many arguments that are, in pertinent part, similar to the due process and liberty interest arguments asserted by the inmate in *Faulk*, namely, that Requester is being improperly incarcerated because Clerk of Courts does not have copies of the subject arrest warrants because they do not exist, thus, resulting in Requester's illegal confinement. (Requester's Br. at 10-11), *compare with Faulk*, 116 A.2d at 1188 (inmate claims improper incarceration because Department of Corrections cannot confine without copy of sentencing order).[6] However, Requester's underlying administrative appeal was an appeal of a deemed denial of an RTKL request, not a challenge to Requester's confinement or criminal conviction, and Requester should have appealed the deemed denial to the applicable appeals officer designated by Clerk of Courts instead of appealing to the OOR. Accordingly, the OOR correctly determined that it lacked

---

[6] Even if this was an issue on appeal, we have held "the RTKL is not a vehicle through which an individual can collaterally attack the legality of his criminal confinement [and] [t]he RTKL does not contain any statutory provisions or procedures providing an individual with a right or avenue to declare his underlying judgment of sentence a legal nullity." *Gates v. Dep't of Corr.* (Pa. Cmwlth., No. 441 C.D. 2014, filed July 9, 2014), slip op. at 4 (citation omitted).

7

jurisdiction, and, therefore, we discern no error in the OOR's Final Determination dismissing Requester's administrative appeal.

Additionally, even if the OOR had proper jurisdiction, the requested records are not subject to disclosure under the RTKL because they are not financial in nature. The only judicial agency records subject to disclosure under the RTKL are financial records,[7] which are defined as follows:

"Financial record." Any of the following:

(1) Any account, voucher or contract dealing with:

(i) the receipt or disbursement of funds by an agency; or

(ii) an agency's acquisition, use or disposal of services, supplies, materials, equipment or property.

(2) The salary or other payments or expenses paid to an officer or employee of an agency, including the name and title of the officer or employee.

(3) A financial audit report. The term does not include work papers underlying an audit.

Section 102 of the RTKL, 65 P.S. § 67.102.

In *Nixon*, we held that even if the OOR had jurisdiction to consider an inmate's administrative appeal, the requested records would still not be subject to disclosure because they were not financial records. *Id.*, slip op. at 4. The inmate requested a variety of documents in order to prepare a PCRA motion. *Id.*, slip op. at 2. We reasoned that because all of the inmate's requests related to records from

---

[7] "A judicial agency shall provide **financial records** in accordance with this act or any rule or order of court providing equal or greater access to the records." 65 P.S. § 67.304(a) (emphasis added).

the inmate's underlying criminal case, "none of the records [] requested are subject to disclosure under the RTKL . . . [since] [t]he RTKL limits the disclosure of a judicial agency's records to 'financial records.'" *Id.*, slip op. at 4.

Here, the records sought by Requester plainly do not fall under the category of financial records as defined by the RTKL. Similar to *Nixon*, Requester's RTKL request seeks disclosure of arrest warrants, fingerprint cards, and copies of "all secure dockets" for a number of offense tracking numbers, from Clerk of Courts, a county judicial agency. (OOR Ex. 1 at 3.) The requested records are simply not financial in nature; instead, such records are within the scope of the judicial agency exception of the RTKL and, thus, non-disclosable under this statutory scheme.

This is not to say, however, that Requester is without an alternative route to obtain the subject records. "The RTKL is not the sole mechanism for obtaining records from judicial agencies." *Faulk*, 116 A.3d at 1187. "[T]he courts are always open under our Constitution, and court records remain accessible to members of the public outside the RTKL." *Id.*

We have previously opined on multiple occasions that there are available alternatives for seeking access to judicial agency records not subject to the disclosure requirements of the RTKL. In *Smith v. Philadelphia Office of Judicial Records* (Pa. Cmwlth., No. 945 C.D. 2019, filed September 25, 2020), slip op. at 6, where a requester sought a sentence order in an underlying criminal matter, we noted that just "as the OOR did in its [f]inal [d]etermination, [such] case information is generally publicly available pursuant to the Pennsylvania Unified Judicial System's Public Access Policy."[8] Moreover, in both *Smith*, slip op. at 6, and *Nixon*, slip op.

---

[8] The Pennsylvania Unified Judicial System's Public Access Policy is available at: https://www.pacourts.us/Storage/media/pdfs/20211230/165101-publicrecordspolicy2022.pdf (last visited November 25, 2024).

at 4, we noted that pursuant to Pennsylvania Rule of Criminal Procedure 113(A), Pa.R.Crim.P. 113(A), upon request, the clerk of courts shall provide copies of a criminal case file at a reasonable cost.[9]  Thus, it remains apparent that Requester "may seek access to court records outside the constraints RTKL's statutory scheme imposes on access to records of a judicial agency." *Faulk*, 116 A.3d at 1188.[10]

## IV.  CONCLUSION

For the foregoing reasons, we discern no error in the OOR's dismissal of Requester's administrative appeal for want of jurisdiction.  Based on the disposition of this appeal and our clear precedent in *Faulk* and *Nixon*, there can be no doubt that the OOR lacks jurisdiction over appeals in RTKL matters involving a judicial agency.  Accordingly, we affirm.

_____

**RENÉE COHN JUBELIRER,** President Judge

---

[9] Pennsylvania Rule of Criminal Procedure 113(A) provides, in relevant part, as follows:

> The clerk of courts shall maintain the criminal case file for the court of common pleas.  The criminal case file shall contain all original records, papers, and orders filed in the case, and copies of all court notices.  These records, papers, orders, and copies shall not be taken from the custody of the clerk of court without order of the court.  Upon request, the clerk shall provide copies at reasonable cost.

Pa.R.Crim.P. 113(A).

[10] Here, we further note, just as we did in *Smith*, that the OOR in the Final Determination properly indicated that "[c]ase records can be requested from judicial records custodians pursuant to the Unified Judicial System's Public Access Policy."  (OOR Ex. 2 at 2.)

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jerry Daniels,                      :
               Petitioner       :
                      :
           v.                 :   No. 1571 C.D. 2023
                      :
Adams County Clerk of Courts    :
(Office of Open Records),        :
               Respondent     :

# O R D E R

**NOW**, December 20, 2024, the Final Determination of the Office of Open Records dated December 8, 2023, is **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** President Judge