IN THE COMMONWEALTH COURT OF PENNSYLVANIA

George Salata,                          :
                        Petitioner      :
                                        :
            v.                          :    No. 759 C.D. 2024
                                        :    Submitted:  July 7, 2025
Luzerne County Clerk of Courts          :
(Office of Open Records),               :
                        Respondent      :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE MATTHEW S. WOLF, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER            FILED: August 27, 2025

      George Salata (Requester), proceeding pro se, petitions for review of a Final
Determination (Final Determination) of the Office of Open Records (OOR),
dismissing his administrative appeal for lack of jurisdiction from the Luzerne
County Clerk of Courts' (Clerk of Courts) deemed denial of a records request made
under the Right-to-Know Law (RTKL).[1]  The OOR determined that the Clerk of
Courts is a "judicial agency" under the RTKL and judicial record access is available
in accordance with the Pennsylvania Unified Judicial System's Public Access
Policy.  After careful consideration, we conclude that the OOR properly determined
that it lacked jurisdiction over Requester's administrative appeal.  Accordingly, we
affirm.

_____
      [1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

## I. BACKGROUND

Requester is currently incarcerated at the State Correctional Institution at Frackville. On April 22, 2024, Requester submitted an RTKL request (Request) to the Clerk of Courts, seeking "[a]ll arrest warrants issued [and] returned served for the following docket: MJ-11103-CR-0000052-2017, that w[ere] supposedly issued . . . on Jan[uary] 24, 2017, [and] also the search warrant." (Certified Record (C.R.) at 9.) According to Requester, the Clerk of Courts did not respond to the Request, resulting in a deemed denial under Section 901 of the RTKL, 65 P.S. § 67.901.[2] (C.R. at 8.) On May 28, 2024, the OOR timely received an administrative appeal from Requester. (*Id*.)

The next day, on May 29, 2024, the OOR issued the Final Determination dismissing Requester's administrative appeal for lack of jurisdiction. (Final Determination, C.R. at 12.) The OOR determined, pursuant to *Faulk v. Philadelphia Clerk of Courts*, 116 A.3d 1183 (Pa. Cmwlth. 2015), that the OOR lacks jurisdiction over judicial agencies, that "[c]ase records can be requested from judicial records custodians pursuant to the Unified Judicial System's Public Access Policy," and provided the website link to the policy. (*Id*.) Due to its lack of jurisdiction, the OOR further determined that the Clerk of Courts was not required to take any further action in response to the Request and, in turn, dismissed the administrative appeal. Requester now timely petitions this Court for review.

---

[2] "If the agency fails to send the response within five business days of receipt of the written request for access, the written request for access shall be deemed denied." 65 P.S. § 67.901. "[A] deemed denial occurs when an agency fails to respond timely to a RTKL record request." *Off. of the Governor v. Donahue*, 98 A.3d 1223, 1240 (Pa. 2014).

2

## II. DISCUSSION[3]

On appeal, Requester argues that the Clerk of Courts improperly denied access to copies of arrest and search warrants related to a criminal matter involving Requester.[4] (Requester's Brief (Br.) at 7.) According to Requester, the Clerk of Courts acted in bad faith by denying the Request. (*Id*. at 8.) In addition, relying on our Supreme Court's decision in *Commonwealth v. Fenstermaker*, 530 A.2d 414 (Pa. 1987),[5] Requester contends that there exists a constitutional right to access one's own publicly available criminal records. (*Id*.) Requester further asserts that Pennsylvania Rules of Criminal Procedure 101(a), 119, and 146, Pa.R.Crim.P 101(a), 119, 146, support Requester's ability to access the requested criminal records under the RTKL.[6] (Requester's Br. at 9-10.)

---

[3] "We review [the] OOR's statutory jurisdiction as a matter of law. . . . Accordingly, our [] review is plenary." *Faulk*, 116 A.3d at 1185 (citations omitted).

[4] The Clerk of Courts did not file a brief or otherwise participate in this appeal.

[5] In *Fenstermaker*, our Supreme Court examined a newspaper's request to access probable cause affidavits in a criminal case, holding that there existed a presumption of access to public judicial records. However, our Supreme Court opined that the former "Right to Know Act[, Act of June 21, 1957, P.L. 1957, 65 P.S. §§ 66.1-66.4, repealed by the RTKL,] ha[d] no application to the [] case [] because it pertain[ed] only to agencies rather than to the judiciary," while also recognizing that "the right to inspect judicial documents is not absolute, and courts do have supervisory power over their records and files." 530 A.2d at 420.

[6] Requester contends that the Clerk of Courts violated Requester's due process rights by failing to search for and locate the requested records. (Requester's Br. at 7, 9-10.) Requester also asserts that a due process violation occurred if the magisterial district court did not issue a valid search warrant or arrest warrant in Requester's underlying criminal case. (*Id*.) We conclude that both due process claims lack merit. As to the Clerk of Courts' deemed denial, "the right to information provided by the RTKL does not involve a property right because access to public records is a 'privilege' granted by the General Assembly[, and n]either the RTKL nor the courts have extended . . . a right to due process to a requesting party in a RTKL action." *City of Harrisburg v. Prince*, 288 A.3d 559, 578 (Pa. Cmwlth. 2023) (internal brackets and citation omitted). Likewise, to the extent Requester attempts to challenge his underlying criminal conviction through a civil RTKL action, we have stated that "the RTKL does not offer a vehicle for collaterally attacking a conviction." *Faulk*, 116 A.3d at 1188; *see also Scott v. Pa. Dep't of Corr.* (Pa. Cmwlth., No. 133 C.D. 2016, filed Jan. 27, 2017), slip op. at 3 ("It is not the Court's

3

However, Requester misconstrues the applicability of the RTKL to his desire to access his own criminal records from the Clerk of Courts. This is because he has made the Request of a judicial agency which, under the RTKL, is required to provide financial records. As Requester is requesting **non-financial** records from a **judicial agency**, his Request is outside the scope of the RTKL.

First, the courts have held that a clerk of courts is a judicial agency. Under the RTKL, a "judicial agency" is defined as "[a] court of the Commonwealth or **any other entity or office of the unified judicial system**." Section 102 of the RTKL, 65 P.S. § 67.102 (emphasis added). "[C]lerks of court . . . are personnel of the unified judicial system . . . [, and b]ased on the express terms of the RTKL, judicial agencies, including [c]lerk[s of courts], are **not** subject to [the] OOR's jurisdiction." *Faulk*, 116 A.3d at 1186 (citations omitted) (emphasis added); *see also Scolforo v. County of York*, 298 A.3d 193, 208 (Pa. Cmwlth. 2023) ("We have consistently held that a court's filing office, such as a prothonotary's office, clerk of courts' office, or[] . . . the [Office of Judicial Records], [is] included within the RTKL's definition of 'judicial agency.'") (citation omitted) (some brackets in original).

Second, the RTKL distinguishes between judicial agencies and other government agencies. Section 304(a) of the RTKL specifies that "[a] judicial agency shall provide **financial records** in accordance with th[e RTKL] or any rule or order of court providing equal or greater access to the records." 65 P.S. § 67.304(a) (emphasis added). Thus, if the requested judicial record is not financial, the judicial agency is not required to produce it under the RTKL. *See Grine v. County of Centre*, 138 A.3d 88, 99 (Pa. Cmwlth. 2016) ("Judicial agencies may review requests to discern whether the requested records qualify as financial records that are subject to

---

role to help a litigant find a document or to review the legality of a criminal prosecution or conviction.").

4

disclosure."). Here, the OOR was correct that arrest warrants and search warrants are **not** financial in nature and, therefore, do **not** fall under the purview of the RTKL.

While Requester is correct that there does exist a right to access publicly available judicial records from a criminal case, the RTKL is not the proper mechanism to obtain such records. Instead, such records may be accessed in accordance with the Unified Judicial System's Public Access Policy[7] or pursuant to the procedures set forth in Pennsylvania Rule of Criminal Procedure 113(A), Pa.R.Crim.P. 113(A).[8] *See Faulk*, 116 A.3d at 1187 ("The RTKL is not the sole mechanism for obtaining records from judicial agencies."); *Smith v. Phila. Off. of Jud. Recs.* (Pa. Cmwlth., No. 945 C.D. 2019, filed Sept. 25, 2020), slip op. at 6 (indicating that criminal sentencing orders are "generally publicly available pursuant to the Pennsylvania Unified Judicial System's Public Access Policy"); *Nixon v. Phila. Cnty. Clerk of Courts* (Pa. Cmwlth., No. 706 C.D. 2016, filed Nov. 14, 2017) (noting that under Rule 113(A), "upon request, the clerk of the court shall provide copies of a criminal case file at a reasonable cost").[9]

---

[7] The Pennsylvania Unified Judicial System's Public Access Policy is available at https://ujswebportalhelp.pacourts.us/A_Topics/D_PACFile/A_AllCourts/C_PaymentandSubmission/J_Public%20Access%20Policy%20-%20PACFile.htm (last accessed on Aug. 26, 2025).

[8] Pennsylvania Rule of Criminal Procedure 113(A) provides, in relevant part, as follows:

> The clerk of courts shall maintain the criminal case file for the court of common pleas. The criminal case file shall contain all original records, papers, and orders filed in the case, and copies of all court notices. These records, papers, orders, and copies shall not be taken from the custody of the clerk of court without order of the court. Upon request, the clerk shall provide copies at reasonable cost.

Pa.R.Crim.P. 113(A).

[9] Unreported opinions of this Court issued after January 15, 2008, may be cited for their persuasive value. *See* Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P 126(b); Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

## III. CONCLUSION

In sum, the OOR properly determined that it lacked jurisdiction over Requester's administrative appeal because the Clerk of Courts is a "judicial agency" under the RTKL and the requested records did not meet the financial records exception under the RTKL. Accordingly, because we discern no error in the OOR's Final Determination dismissing the administrative appeal, we affirm.[10]

_____
RENÉE COHN JUBELIRER, President Judge

---

[10] Requester also seeks treble damages and sanctions against the Clerk of Courts based on the deemed denial of the Request and what Requester claims is a deprivation of access. (Requester's Br. at 10-11.) However, because the OOR correctly determined that it lacked jurisdiction over Requester's administrative appeal, and we affirm on those grounds, we decline to address the issue of treble damages or sanctions in this appeal.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

George Salata,                                :
                              Petitioner      :
                                              :
              v.                              :    No. 759 C.D. 2024
                                              :
Luzerne County Clerk of Courts                :
(Office of Open Records),                     :
                              Respondent      :

# **O R D E R**

**NOW**, August 27, 2025, the Final Determination of the Office of Open Records, dated May 29, 2024, is **AFFIRMED**.

_____
RENÉE COHN JUBELIRER, President Judge