**Edison FRAZIER, Petitioner**

v.

**PHILADELPHIA COUNTY OFFICE OF The PROTHONOTARY, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 2, 2012.

Decided Dec. 4, 2012.

---

Edison Frazier, pro se.

Stephanie B. Rigterink, Philadelphia, for respondent.

BEFORE: PELLEGRINI, President Judge, and SIMPSON, Judge, and COLINS, Senior Judge.

OPINION BY Senior Judge COLINS.

Edison Frazier (Petitioner) petitions, *pro se*, for review of a final determination of the Office of Open Records (OOR) dated November 16, 2011, which dismissed his appeal under the Right–to–Know Law[1] for a lack of jurisdiction. Petitioner had requested an autopsy report from the Phila-

delphia County Office of the Prothonotary (Prothonotary) and the OOR denied Petitioner's appeal of that denial because the Prothonotary is a judicial agency, which is not subject to the jurisdiction of the OOR. We affirm.

Petitioner directed his request under the Right–to–Know Law, dated October 13, 2011, to the Prothonotary, seeking a copy of an autopsy report and other related information. (R. Item 4, OOR Final Determination at 1, dated Nov. 16, 2011.) Petitioner claims that he never received a response from the Prothonotary, that he deemed his request denied, and that he appealed to the OOR to protect against the expiration of his appeal period. (R. Item 2, Petitioner's Appeal to the OOR, dated Nov. 10, 2011.) Prothonotary claims that it did not receive Petitioner's request until November 23, 2011, and that it denied the request on the same day. (Prothonotary Br. at 4.) The certified record before us confirms neither version of the procedural history. However, that the procedural history may remain a mystery does not prevent us from resolving the instant appeal.

■ The OOR does not have jurisdiction to hear appeals under the Right–to–Know Law taken from determinations of a judicial agency of the Commonwealth. Right–to–Know Law § 503, 65 P.S. § 67.503(a); *Court of Common Pleas of Lackawanna Cty. v. Pa. Office of Open Records*, 2 A.3d 810, 813 (Pa.Cmwlth.2010). A "Judicial agency" is defined as "[a] court of the Commonwealth or any other entity or office of the unified judicial system." Right–to–Know Law § 102, 65 P.S. § 67.102. Under the Pennsylvania Rules of Judicial Administration, court prothonotaries are personnel of the unified judicial system. Pa. R.J.A. No. 102. Accordingly, the OOR correctly determined that it did

1. Act of February 14, 2008, P.L. 6, 65 P.S.   §§ 67.101–67.3104.

not have jurisdiction to hear Petitioner's appeal, and dismissal was proper.

Even if we were to reach the merits of Petitioner's appeal, his request for an autopsy report directed at the Prothonotary would be properly denied. Section 304 of the Right–to–Know Law provides that judicial agencies shall provide financial records only. 65 P.S. § 67.304; *Lackawanna Cty.*, 2 A.3d at 813. An autopsy report is not a financial record and the Prothonotary is not required to provide it, even assuming, as Petitioner asserts, that it exists, is in the possession of the Prothonotary, and is not subject to an exemption.[2]

For the foregoing reasons, we affirm.[3]

### ORDER

AND NOW, this 4th day of December, 2012, the final determination of the Office of Open Records is AFFIRMED.

**2.** The Right–to–Know Law provides that the following item is exempt from access: "(20) An autopsy record of a coroner or medical examiner and any audiotape of a postmortem examination or autopsy.... This exception shall not limit the reporting of the name of the deceased individual and the cause and manner of death." Right–to–Know Law § 708, 65 P.S. § 67.708(b)(20); *Hearst Television, Inc. v. Norris,* —— Pa. ——, 54 A.3d 23 (2012).

**3.** Because of the way in which we resolve this case, we need not address the Prothonotary's argument that Petitioner's appeal should be dismissed because he failed to serve his appellate brief in compliance with Court rules.