IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William E. Webster III,               :
                    Petitioner        :
                                      :    No.  1248 C.D. 2018
          v.                          :
                                      :    Submitted:  February 1, 2019
Lehigh County Adult Probation         :
and Parole,                           :
                    Respondent        :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ELLEN CEISLER, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                              FILED:  March 26, 2019


          William E. Webster III (Requester) petitions *pro se* for review of the July 16, 2018 final determination of the Office of Open Records (OOR) that dismissed his appeal under the Right-to-Know Law (RTKL).[1]  The OOR concluded that the Lehigh County Adult Probation and Parole Department (Probation Department) was a judicial agency over which it lacks jurisdiction.

          On February 9, 2018, Requester, an inmate at the State Correctional Institution at Somerset, filed a request with the Probation Department seeking "a copy of the Presentence Investigation [and Report (PSI)[2]] pertaining to CP-2085-2006."

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

[2] Under Pennsylvania law, "[b]efore sentencing any defendant to one year or longer, a [PSI] shall be made, unless the sentence is death or a mandatory sentence to life imprisonment, or unless

(Certified Record (C.R.), Item 1 at 2.)[3] The Probation Department did not respond; the request was therefore deemed denied as a matter of law;[4] and Requester filed an appeal to the OOR, which dismissed the appeal on July 16, 2018. Requester then filed a petition for review in this Court, which was docketed as being filed on September 13, 2018. Importantly, the petition for review is self-dated September 4, 2018, and contains a handwritten date of September 4, 2018, on the proof of service. *See* Petition for Review, at 13, Proof of Service.

Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 1502 provides that a petition for review "shall be the exclusive procedure for judicial review of a determination of a government unit." Pa.R.A.P. 1502. A petition for review must be

---

the court specifically orders to the contrary." Section 9731 of the Sentencing Code, 42 Pa.C.S. §9731. The PSI "shall be available to the court for the purpose of assisting it in determining the sentence." Section 9731(1) of the Sentencing Code, 42 Pa.C.S. §9731(1); *see* Pa.R.Crim.P. 702(A). Specifically, a PSI is comprised of "a summary of the circumstances attending the commission of the crime, the history of delinquency or criminality, physical and mental condition, family situation and background, economic status, education, occupation and personal habits of the defendant, any history of drug or alcohol abuse or addiction and any other matters that the person preparing the report deems relevant or that the court directs be included." Section 9732 of the Sentencing Code, 42 Pa.C.S. §9732.

[3] Originally, Requester sent a letter to the Lehigh County Clerk of Judicial Records, Criminal Division (Clerk), seeking a copy of his PSI. By correspondence dated December 11, 2017, the Clerk informed Requester that "the matter is not under the jurisdiction of the Clerk of Judicial Records" and advised him to contact the Probation Department. (Reproduced Record (R.R.) at 1a.) Although Requester challenges the propriety of the Clerk's conduct in his appellate brief, his appeal purportedly lies from the final determination of the OOR with regard to his February 9, 2018 RTKL request with the Probation Department. Therefore, the actions of the Clerk are not part of this appeal and cannot be challenged by Requester.

[4] *See* Sections 901, 1101(a) of the RTKL, 65 P.S. §§67.901 ("If the agency fails to send the response within five business days of receipt of the written request for access, the written request for access shall be deemed denied."), 67.1101(a) ("If a written request for access to a record is denied or deemed denied, the requester may file an appeal with the [OOR].").

filed within 30 days after the entry of the order that the petitioner seeks to appeal. Pa.R.A.P. 1512(a); *Riverlife Task Force v. Planning Commission of City of Pittsburgh*, 966 A.2d 551, 557 (Pa. 2009). While the Probation Department has not asserted that the petition for review was filed untimely, failure to timely appeal is a jurisdictional defect that cannot be waived and may be raised *sua sponte* by this Court. *Day v. Civil Service Commission of Borough of Carlisle*, 931 A.2d 646, 651-52 (Pa. 2007).

Here, in his petition for review, Requester states that he is appealing the July 16, 2018 final determination of the OOR and seeks to invoke our appellate jurisdiction. The deadline for filing a petition for review from the OOR's final determination was August 15, 2018. However, Requester's petition for review and accompanying proof of service are self-dated September 4, 2018. Although Requester is incarcerated and proceeding *pro se*, there is nothing in the record to plausibly suggest that Requester handed his petition for review to prison authorities for mailing before August 15, 2018, such that he could benefit from the prisoner mailbox rule.[5] It is Requester who "bears the burden of proving that he [] in fact delivered the appeal within the appropriate time period." *Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997). Requester has not provided any reasons explaining the untimeliness of his petition for review. As such, this Court has no basis upon which to doubt that September 4, 2018, was the earliest date on which the petition for review can be deemed to have been filed, which is well beyond the 30-day deadline for perfecting an appeal. *See Smith v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 724 C.D. 2016, filed March 3, 2017) (unreported), slip op. at 6 & n.3 (concluding that

---

[5] Pa.R.A.P. 121(a) provides that a *pro se* filing by an incarcerated individual is deemed filed on the date it is delivered to prison authorities for mailing, "as evidenced by a properly executed prisoner cash slip or other reasonably verifiable evidence of the date that the prisoner deposited the *pro se* filing with the prison authorities." *Id.*

the prisoner mailbox rule could not excuse an untimely appeal where the final date for filing was February 24, 2016, and a copy of the envelope addressed to the administrative agency included a handwritten note that the appeal was mailed on February 28, 2016).[6] Ultimately, Requester's failure to file a timely petition for review divests this Court of jurisdiction to review the OOR's final determination.[7]

---

[6] *Smith* is an unreported panel decision, which, under our Internal Operating Procedures, may be cited for its persuasive value. Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

[7] In any event, we note that the OOR does not have jurisdiction to hear appeals that are taken from a judicial agency, *Frazier v. Philadelphia County Office of Prothonotary*, 58 A.3d 858, 859 (Pa. Cmwlth. 2012), and the Probation Department is part of the Unified Judicial System and its officers are employees of the Unified Judicial System. *Gruzinski v. Department of Public Welfare*, 731 A.2d 246, 249 n.5 (Pa. Cmwlth. 1999); *see Ward v. Potteiger*, 142 A.3d 139, 144 n.8 (Pa. Cmwlth. 2016); *L.J.S. v. State Ethics Commission*, 744 A.2d 798, 802 (Pa. Cmwlth. 2000); *Hyde v. Northumberland County Probation Department* (M.D. Pa., No. 4:13-CV-02394, filed September 24, 2013) (unreported), slip op. at __, 2013 U.S. Dist. LEXIS 156347, at *11. Hence, records in the possession of the Probation Department are records of a judicial agency and, as such, the OOR lacks jurisdiction over the matter. *See Court of Common Pleas of Lackawanna County v. Office of Open Records*, 2 A.3d 810, 813 (Pa. Cmwlth. 2010).

Even if OOR possessed jurisdiction, the requested record is not subject to disclosure under the RTKL. Under the RTKL, a judicial agency is only required to disclose "financial records." *Court of Common Pleas of Lackawanna County*, 2 A.3d at 813. Here, Requester requests a PSI, which is a document that does not constitute a financial record but, instead, relates to his criminal case. *See Faulk v. Philadelphia Clerk of Courts*, 116 A.3d 1183 (Pa. Cmwlth. 2015). Moreover, assuming, *arguendo*, that the PSI were a financial record, and the Probation Department had access to it, Section 305(a)(3) of the RTKL dictates that a document cannot be released when "the record is exempt from disclosure under any other . . . State law or regulation[.]" 65 P.S. §67.305(a)(3). Section 9733 of the Sentencing Code and Pa.R.Crim.P. 702(a)(3) prohibit the disclosure of a PSI to an individual, irrespective of whether the individual was the defendant in the criminal case or a member of the public. 42 Pa.C.S. § 9733 ("The [PSI] shall not be a public record."); Pa.R.Crim.P. 702(3)(A) ("All [PSIs] shall be confidential, and not of public record."); *see Cunningham v. Department of Corrections*, 990 A.2d 1205, 1208 (Pa. Cmwlth. 2010); *Commonwealth v. Kessinger*, 441 A.2d 758, 759-60 (Pa. Super. 1982) ("The record reveals that counsel for [the defendant] was permitted full access to the report as required by the Rules of Criminal Procedure and the ABA [American Bar

Accordingly, we dismiss the appeal.

_____
PATRICIA A. McCULLOUGH, Judge

---

Association] Standards. Thus, we reject [the defendant's] argument that the trial court abused its discretion in disallowing him personally to review the report[.]").

Moreover, contrary to his contention, Requester did not have his due process rights violated as a result of being denied access to the PSI. Where, as here, a record is deemed privileged or confidential pursuant to a state law or regulation, and is therefore exempt from the definition of "public records" subject to disclosure under Section 305(a)(3), the denial of access "does not implicate any due process rights because . . . the RTKL does not create any property right in the records that [r]equester sought." *Vu v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 819 C.D. 2018, filed December 13, 2018) (unreported), slip op. at 7-8; *see Prison Legal News v. Office of Open Records*, 992 A.2d 942, 947 (Pa. Cmwlth. 2010); *see also Wiley v. Woods*, 141 A.2d 844, 849-51 (Pa. 1958).

Given the confidential nature of the PSI, the RTKL may not be the most suitable vehicle for Requester to obtain a copy of his PSI. Nonetheless, it appears that Requester may have a remedy in that he may petition the sentencing judge for a copy of his PSI pursuant to Pa.R.Crim.P. 703(D). *See id.* ("On the order of the sentencing judge, a [PSI] may be made available to any [] person or agency having a legitimate professional interest in the disposition of the case.").

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William E. Webster III,                              :
         Petitioner                    :
                               :   No.  1248 C.D. 2018
         v.                                    :
                               :
Lehigh County Adult Probation              :
and Parole,                                         :
         Respondent                   :

## ***ORDER***

       AND NOW, this 26th day of March, 2019, the petition for review filed by William E. Webster III is dismissed as untimely.

 

_____
PATRICIA A. McCULLOUGH, Judge