IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Angela Couloumbis,              :
                 Petitioner   :
                              :
       v.                  : No.  1071 C.D. 2023
                              : Argued:  December 11, 2024
Senate of Pennsylvania,      :
                Respondent  :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE LORI A. DUMAS, Judge
                HONORABLE STACY WALLACE, Judge
                HONORABLE MATTHEW S. WOLF, Judge


OPINION
BY JUDGE WALLACE                           FILED:  March 18, 2025


Angela Couloumbis (Requester) petitions for review of the August 25, 2023 Final Determination (Final Determination) of the Legislative Reference Bureau (LRB), which affirmed the Senate of Pennsylvania (Senate) Open Records Officer's (Senate ORO) denial of her request for records from the Senate under the Right-to-Know Law (RTKL).[1]  After review, we affirm.

## BACKGROUND

On July 20, 2023, Requester submitted a records request (Request) to the Senate seeking:

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104

[C]ommunications between any Senate employee or senator and the lobbyists Megan Crompton, Will Dando, Tommy Johnson, Chris Petrone, Joe Scarnati or Nick Varischetti. The time period for the records sought is 5/15/2021 through the date of this request. The topic of the request is any communications regarding these lobbyists' client, the City of DuBois (Dept of State lobbying ID P66779).

Reproduced Record (R.R.) at 1a. On July 26, 2023, the Senate ORO denied the Request. *Id.* at 5a. In his denial, the Senate ORO explained: "The [R]equest is hereby denied as the records requested, if any exist, are not included within the definition of legislative record. Records that do not fall within the definition of legislative record are not covered by the presumption of accessibility under the RTKL." *Id.* at 3a. Requester appealed to the Senate Appeals Officer. *Id.* at 5a. The Senate Appeals Officer recused and transferred the appeal to the LRB. *Id.* at 7a.

The LRB issued a Final Determination affirming the Senate ORO's denial of the Request. In its Final Determination, the LRB explained:

> Under the RTKL, legislative agencies are only required to provide statutorily defined legislative records. *See* [Section 303(a) of the RTKL, ]65 P.S. § 67.303(a). Legislative records are limited in scope and comprise only those records specifically designated as such in the RTKL. If the record or document sought does not satisfy the definition of a legislative record, there is no need to discuss whether the document is in the possession, custody or control of the legislative agency or whether there are exemptions to disclosure; in such a case, the record or document is not subject to disclosure under the RTKL.

> . . . .

> . . . Here, Requester is not seeking access to a specific record. Rather, Requester is seeking access to an entirely new class of record, namely communications between Senate employees or Senators and lobbyists containing certain keywords. This class of record is not explicitly listed under the definition of "legislative record" under the RTKL. It is clear and unambiguous under the rules of statutory construction that it was not the intention of the General Assembly to

2

make such a general class of records accessible "legislative records" under the RTKL.

Certified Record (C.R.) at 8, 11.[2] Thus, the LRB denied Requester's appeal and concluded the Senate was not required to take any further action. *Id.* at 11-12.

Requester now appeals to this Court. On appeal, Requester argues the LRB erred by determining the Senate's communications with lobbyists are not "legislative records." Requester's Br. at 4. Additionally, Requester contends the "RTKL exemption from disclosure for individual correspondence with members of the legislature specifically does not apply to correspondence with lobbyists," and therefore, this presumes at least some records of communications must be subject to release under the RTKL. *Id.* at 4-5. Moreover, Requester maintains even if the LRB's interpretation is correct, the Senate failed to undertake a good faith search for records as the RTKL requires. *Id.* at 38-42. In response, the Senate argues the LRB properly determined the requested communications fall outside the scope of "legislative records," and, consequently, are not subject to release by the Senate under the RTKL. Senate's Br. at 2. Further, the Senate asserts it was not required to conduct a search for records it was not required to produce under the RTKL. *Id.* at 32.

## DISCUSSION

When deciding a question of law under the RTKL, our standard of review is *de novo,* and our scope of review is plenary. *Levy v. Senate of Pa.*, 34 A.3d 243 (Pa. Cmwlth. 2011). When reviewing matters under Section 1301 of the RTKL, 65 P.S. § 67.1301, which addresses Commonwealth, legislative, and judicial agencies, "we act in our appellate jurisdiction, but we independently review the

---

[2] Certified Record (C.R.) references are to electronic pagination.

3

appeals officer's orders, and we may substitute our own findings of fact." *Bowling v. Off. of Open Recs.*, 990 A.2d 813, 818 (Pa. Cmwlth. 2010).

Generally, unless otherwise provided by law, a public record, legislative record, or financial record shall be accessible for inspection by the public in accordance with the RTKL. Section 701 of the RTKL, 65 P.S. § 67.701. The RTKL provides that Commonwealth, local, legislative, and judicial agencies all must provide access to certain records upon request; however, the specific records an agency must provide varies. *See* Sections 301-304 of the RTKL, 65 P.S. §§ 67.301-67.304. Notably, Commonwealth agencies and local agencies are required to provide greater access to records than legislative and judicial agencies.

Pertinent to this appeal, Section 303 of the RTKL specifies the legislature must provide "legislative records" in accordance with the RTKL. 65 P.S. § 67.303. Under Section 102 of the RTKL, a "legislative record" is defined as follows:

> Any of the following relating to a legislative agency or a standing committee, subcommittee or conference of a legislative agency:
>
> (1) A financial record.
>
> (2) A bill or resolution that has been introduced and amendments offered thereto in committee or in legislative session, including resolutions to adopt or amend the rules of a chamber.
>
> (3) Fiscal notes.
>
> (4) A cosponsorship memorandum.
>
> (5) The journal of a chamber.
>
> (6) The minutes of, record of attendance at a public hearing or a public committee meeting and all recorded votes taken in a public committee meeting.
>
> (7) The transcript of a public hearing when available.

4

(8) Executive nomination calendars.

(9) The rules of a chamber.

(10) A record of all recorded votes taken in a legislative session.

(11) Any administrative staff manuals or written policies.

(12) An audit report prepared pursuant to the act of June 30, 1970 (P.L. 442, No. 151) entitled, "An act implementing the provisions of Article VIII, section 10 of the Constitution of Pennsylvania, by designating the Commonwealth officers who shall be charged with the function of auditing the financial transactions after the occurrence thereof of the Legislative and Judicial branches of the government of the Commonwealth, establishing a Legislative Audit Advisory Commission, and imposing certain powers and duties on such commission."

(13) Final or annual reports required by law to be submitted to the General Assembly.

(14) Legislative Budget and Finance Committee reports.

(15) Daily legislative session calendars and marked calendars.

(16) A record communicating to an agency the official appointment of a legislative appointee.

(17) A record communicating to the appointing authority the resignation of a legislative appointee.

(18) Proposed regulations, final-form regulations and final-omitted regulations submitted to a legislative agency.

(19) The results of public opinion surveys, polls, focus groups, marketing research or similar efforts designed to measure public opinion funded by a legislative agency.

65 P.S. § 67.102.

When tasked with interpreting a statute, this Court is guided by the Statutory Construction Act of 1972 (Statutory Construction Act), 1 Pa.C.S. §§ 1501-1991. Under Section 1921(a) of the Statutory Construction Act, "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). The clearest indication of legislative intent is the plain language of a statute. *See Off. of Governor v. Donahue*, 98 A.3d 1223, 1237-38 (Pa. 2014). It is well established that "when the language of a statute is clear and unambiguous, it must be given effect in accordance with its plain and obvious meaning." *Commonwealth v. Ahlborn,* 699 A.2d 718, 720 (Pa. 1997).

Here, Section 303 of the RTKL plainly provides the legislature is to provide access to "legislative records." "Legislative records" is a defined term that specifically lists 19 types of records. The language of Section 303 of the RTKL and the defined term is clear. Thus, "[w]e are constrained . . . to apply statutory language enacted by the legislature rather than speculate as to whether the legislative spirit or intent differs from what has been plainly expressed." *Commonwealth v. Bursick*, 584 A.2d 291, 293 (Pa. 1990). Moreover, as a matter of statutory interpretation, while we are "admonished to listen attentively to what a statute says[, we] must also listen attentively to what it does not say." *Kmonk-Sullivan v. State Farm Mut. Auto. Ins. Co.*, 788 A.2d 955, 962 (Pa. 2001). Courts may not supply terms in a statute that "may have been intentionally omitted" because "it is not the court's role . . . to engage in judicial legislation and to rewrite a statute in order to supply terms which are not present therein." *Steets v. Celebration Fireworks, Inc. (Workers' Comp. Appeal Bd.)*, 295 A.3d 312, 323 (Pa. Cmwlth. 2023) (citation omitted). Records of "communications" are simply not included in the enumerated list of 19 items that comprise a "legislative record." Because the definition of "legislative record"

6

contains no mention of "communications," we cannot add this category of records to the definition. If the legislature intended to include "communications" in the definition of legislative record, the legislature could have included this language in the definition. Alternatively, the legislature could have drafted Section 303 of the RTKL to require legislative agencies to provide "public records" as it required Commonwealth and local agencies to do under Sections 301 and 302 of the RTKL. However, the legislature did not do so and thereby demonstrated its intent not to require the legislature to provide records of "communications" under the RTKL.[3,4]

Requester argues the "text of the language of the RTKL is clear. The RTKL includes a broad presumption of release for legislative records . . . and a list of

---

[3] This Court expressed similar reasoning in *Frazier v. Philadelphia County Office of the Prothonotary*, 58 A.3d 858 (Pa. Cmwlth. 2012). In *Frazier*, a requester sought an autopsy report from a county prothonotary's office. While this Court disposed of the appeal on procedural issues, we noted:

> Even if we were to reach the merits of [the requester's] appeal, his request for an autopsy report directed at the Prothonotary would be properly denied. Section 304 of the [RTKL] provides that judicial agencies shall provide financial records only. 65 P.S. § 67.304 . . . . An autopsy report is not a financial record and the Prothonotary is not required to provide it, even assuming, as [the requester] asserts, that it exists, is in the possession of the Prothonotary, and is not subject to an exemption.

*Id.* at 860. Likewise, here, "communications" are not "legislative records." Thus, the Senate is not required to provide "communications."

[4] In her brief, Requester argues for the application of various "statutory interpretation tools" including consideration of legislative history, the *expressio unius est exclusion allerius* canon, the whole act canon, the rule against surplusage, and legislative hearing notes to interpret the legislative intent and meaning of the RTKL. Requester's Br. at 16-38. However, in the sections of the RTKL relevant to this appeal, the RTKL's plain language is clear. Therefore, this Court declines Requester's invitation to apply these "statutory interpretation tools" to decipher the legislature's intent because "when the language of a statute is clear and unambiguous, it must be given effect in accordance with its plain and obvious meaning." *Ahlborn*, 699 A.2d at 720.

7

specifically enumerated exemptions to that otherwise broad presumption of release." Requester's Br. at 12-13. The specific exemption Requester relies upon is Section 708(b)(29) of the RTKL. Section 708(b)(29) of the RTKL states, in relevant part,

the following are exempt from access by a requester under this act: . . .

(29) Correspondence between a person and a member of the General Assembly and records accompanying the correspondence which would identify a person that requests assistance or constituent services. This paragraph shall not apply to correspondence between a member of the General Assembly and a principal or lobbyist under 65 Pa.C.S. Ch. 13A (relating to lobbying disclosure).

65 P.S. § 67.708(b)(29). Requester asserts this section does two things. First, according to Requester, this section confirms correspondence between a person and a member of the legislature is a legislative record subject to release under the RTKL. Requester's Br. at 13. Second, Requester contends this section "explicitly excludes lobbyist communications with members of the General Assembly from the . . . exemption to release." *Id.* at 14. We disagree with Requester's interpretation.

Here, Requester sought "communications" between Senate employees and lobbyists. However, under the RTKL, the Senate is required to provide access to "legislative records." Because "communications" are not "legislative records," the Senate has no obligation to provide them. Section 708(b)(29) of the RTKL provides an exemption to disclosure. However, when records are not otherwise required to be disclosed, an exemption to disclosure does not apply. Insofar as Requester asserts Section 708(b)(29)'s exemption indicates records of communications are subject to disclosure, this argument must fail because it ignores the plain language of, and at the same time adds language to, the RTKL.

Finally, Requester argues the Senate failed to undertake a good faith search for responsive records, even if the LRB is correct and the "communications" she

8

sought were not "legislative records."[5] Requester's Br. at 38. Citing *Department of Labor and Industry v. Earley*, 126 A.3d 355, 357 (Pa. Cmwlth. 2015), Requester asserts: "Under the RTKL, an agency bears the burden of demonstrating that it has reasonably searched its records to establish that a record does not exist" and the failure of the agency to undertake such a search is one of the few bases upon which a requester may eventually recover fees from an agency under the RTKL. Requester's Br. at 39. The Senate contends it was not required to search for records because it made a "good-faith determination that 'communications' are not on the list of 19 categories and thus are not 'legislative records.' That ends the inquiry." Senate's Br. at 32.

Under Section 901 of the RTKL, once a requester makes a request for access to records, the agency "shall make a good faith effort to determine if the record requested is a . . . legislative record . . . and whether the agency has possession, custody or control of the identified record." 65 P.S. § 67.901. Here, as required by Section 901 of the RTKL, the Senate determined the requested records for "communications" were not "legislative records." We agree with the Senate this determination ended the inquiry. The plain language of the statute demonstrates the legislature's intent that first, an agency must determine whether the record requested is a legislative record, public record, or financial record. After this determination, the agency must determine whether it has possession, custody, or control of the records. It would lead to an absurd result to require an agency, after determining requested records are not subject to disclosure because they are not legislative, public, or financial records, to determine whether the agency has possession,

_____

[5] In her brief, Requester alternates describing the records she seeks as "communications," "emails," "correspondence," etc. Insofar as Requester uses these various terms in her brief, we treat them all as types of communications, none of which are subject to disclosure.

9

custody, or control of those records. Therefore, the Senate was not required to search for the requested records after it determined they were not subject to disclosure.

## CONCLUSION

Under the plain language of the RTKL, which is clear, the Senate is required to provide access to "legislative records," *see* 65 P.S. § 67.303, and "communications" do not fall within the definition of "legislative records." *See* 65 P.S. § 67.102. Therefore, the RTKL does not require the Senate to provide access to "communications." Accordingly, the LRB did not err by affirming the Senate ORO's denial of Requester's Request.

_____
STACY WALLACE, Judge

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Angela Couloumbis,                          :
                          Petitioner        :
                                            :
        v.                                  : No.  1071 C.D. 2023
                                            :
Senate of Pennsylvania,                     :
                          Respondent        :


# **O R D E R**


**AND NOW**, this 18th day of March 2025, the Legislative Reference Bureau's Final Determination dated August 25, 2023, is **AFFIRMED**.


_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Angela Couloumbis,                          :
                           Petitioner       :
                                            :
        v.                                  :     No.  1071 C.D. 2023
                                            :
Senate of Pennsylvania,                     :     Argued: December 11, 2024
                           Respondent       :

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge
            HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge
            HONORABLE LORI A. DUMAS, Judge
            HONORABLE STACY WALLACE, Judge
            HONORABLE MATTHEW S. WOLF, Judge

CONCURRING OPINION
BY JUDGE McCULLOUGH                              FILED: March 18, 2025

        Although I agree with the result reached by Majority, I write separately

to clarify and emphasize the Senate of Pennsylvania's (Senate) obligation to direct

Requester Angela Couloumbis's (Requester) Right-to-Know Law (RTKL)[1] request

(Request) to the City of Dubois under Section 502(b)(1) of the RTKL, 65 P.S. §

67.502(b)(1).

        Section 502(b)(1) requires an open records officer to direct RTKL

requests, where appropriate, to "appropriate persons in another agency."  It provides,

in pertinent part, as follows:

> **(b) Functions.--**
>
> (1) The open-records officer shall receive requests
> submitted to the agency under this act, **direct requests to**
> other appropriate persons within the agency **or to**
> **appropriate persons in another agency**, track the

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

agency's progress in responding to requests and issue interim and final responses under this act.

65 P.S. § 67.502(b)(1) (emphasis added). Thus, an open records officer who receives a request must first make a good faith effort to determine whether the agency has responsive records in its possession. If not, the officer must then determine, based on the language of the request, whether any other agency reasonably might possess the requested records. If so, the open records officer has the obligation under Section 502(b)(1) to direct the request to such agency and to notify the requester accordingly in the response to the request.

Here, Requester sought disclosure of certain communications between the Senate and several lobbyists engaged by the City of Dubois. Although the City of Dubois itself might not be a party to those communications, the Request sought communications "regarding" the City of Dubois. I believe it stands to reason that these lobbyists would forward on or otherwise disclose to the City communications about the City made between the lobbyists and members or employees of the Senate. Under Section 502(b)(1), the Senate therefore was required to direct the Request to the City of Dubois and notify Requester of this referral as a part of the response to the Request.

I note that this referral requirement is particularly important given that most requesters may not be aware of which agency, if any, could have custody of relevant public records. Although the Request here did not, on its face, request records in the possession of the City of Dubois, a reasonable interpretation of the language of the Request should have indicated to the Senate that the City might reasonably possess some or all of the communications. I think that is sufficient to trigger the Senate's duty to forward under Section 502(b)(1).

In sum, because I believe the Majority's analysis must be taken a step further to emphasize the Senate's obligation to direct the Request to the City of Dubois under Section 502(b)(1), I respectfully concur in the result.

_____
PATRICIA A. McCULLOUGH, Judge