# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sidney Martin,             :
          Petitioner       :
                :
        v.             :   No. 108 C.D. 2024
                :
Philadelphia Office of Judicial    :
Records (Office of Open Records),   :
          Respondent   :   Submitted: May 6, 2025


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE STACY WALLACE, Judge
             HONORABLE MATTHEW S. WOLF, Judge


## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                             FILED: June 16, 2025

Sidney Martin (Requester), *pro se*, petitions for review from the January 8, 2024 Final Determination of the Office of Open Records (OOR) that dismissed Requester's appeal for lack of jurisdiction under Section 503(a) of the Right-to-Know Law (RTKL), 65 P.S. § 67.503(a).[1] Because the Philadelphia Office of Judicial Records (Office of Judicial Records) is a judicial agency, not a Commonwealth or local agency, the OOR did not err in concluding it lacked jurisdiction over Requester's appeal. Accordingly, we affirm.

On August 2, 2023, Requester filed a RTKL request with the Office of Judicial Records, requesting "[a]ll crime scene photos, in all matters relevant in the case of *Commonwealth v. Martin*, 93 April 1845, including all criminal investigation

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. § 67.503(a).

reports [and] witness statements." Certified Record (C.R.) at 17.[2] The Office of Judicial Records responded on December 5, 2023, denying Requester's request and advising that police reports are not public documents, that the remaining subject matter is not part of his Office of Judicial Records file, and suggesting that he contact his attorney. *Id.* at 8-9. On December 29, 2023, Requester appealed the Office of Judicial Records' denial to the OOR. *Id.* at 7.

In a Final Determination dated January 8, 2024, the OOR dismissed Requester's appeal, explaining:

> **The OOR lacks jurisdiction**. The [] Office of Judicial Records [], which is part of the Philadelphia Court of Common Pleas, is a judicial agency. The OOR does not have jurisdiction over judicial agencies. 65 P.S. § 67.503(a)-(b). Appeals under Rule 509 must be made to the president judge. Pa. R.J.A. 509(c)(5).[3]

C.R. at 20 (emphasis in original). Requester petitioned this Court for review.

On appeal,[4] Requester argues that the documents relating to his case should have been provided in accordance with the RTKL. He maintains that the information is in the agency's possession, and the refusal to turn it over violates the RTKL and Requester's constitutional rights. Moreover, Requester asserts that the OOR should have forwarded Requester's appeal to the proper agency.

---

[2] Citations to the Certified Record reflect electronic pagination.

[3] Section 304 of the RTKL provides that a *"judicial agency shall provide financial records in accordance with this act or any rule or order of court providing equal or greater access to the records."* 65 P.S. § 67-304. The Pennsylvania Supreme Court promulgated Rule 509 in accordance therewith. Pa.R.J.A. 509. Under Rule 509(c)(5), a requester may file an appeal from a judicial district's denial of a written request for access to that district's president judge. *Id.* at 509(c)(5).

[4] Our standard of review of a final determination of the OOR is *de novo* and our scope of review is plenary. *Hunsicker v. Pa. State Police*, 93 A.3d 911, 913 n.7 (Pa. Cmwlth. 2014).

2

The Office of Judicial Records responds that a court's filing office and custodian of case files is a judicial agency pursuant to the RTKL. *See Faulk v. Phila. Clerk of Cts.*, 116 A.3d 1183, 1185-86 (Pa. Cmwlth. 2015); *Frazier v. Phila. Cnty. Off. of Prothonotary*, 58 A.3d 858, 859 (Pa. Cmwlth. 2012). Since the Office of Judicial Records is a judicial agency, the OOR lacked jurisdiction and did not err in dismissing Requester's appeal.

At the outset, we note that the RTKL provides separate appeal processes for the different branches of government. Section 503(a) of the RTKL explicitly confers jurisdiction on appeals officers within the OOR to render final determinations regarding records disputes that involve Commonwealth and local agencies. Section 503(a)(1)-(2) of the RTKL, 65 P.S. § 67.503(a)(1)-(2). By contrast, appeals of disputes involving a judicial agency are appealed to an appeals officer so designated by that judicial agency. Sections 503(b) and 1101(a) of the RTKL, 65 P.S. §§ 67.503(b), 67.1101(a). The RTKL defines "judicial agency" as "[a] court of the Commonwealth or any other entity or office of the unified judicial system." Section 102 of the RTKL, 65 P.S. § 67.102.

This Court has explained that "clerks of court ... are personnel of the unified judicial system." *League of Women Voters of Greater Pittsburgh v. Allegheny Cnty.*, 819 A.2d 155, 158 n.12 (Pa. Cmwlth. 2003) (citing Section 102 of the Judicial Code, 42 Pa.C.S. § 102). Based on the express terms of the RTKL, judicial agencies, including the Office of Judicial Records, are not subject to OOR's jurisdiction. 65 P.S. § 67.503(b); *Faulk*, 116 A.3d at 1185-86; *Frazier*, 58 A.3d 858, 859-60. Accordingly, the OOR correctly determined that it did not have jurisdiction to hear Requester's appeal, and dismissal was proper.

3

Requester cites *Grine v. County of Centre*, 138 A.3d 88 (Pa. Cmwlth. 2016), for the proposition that the OOR should have directed his request to another agency. In explaining the distinct workings of the RTKL as applied to Commonwealth or local agencies versus judicial agencies, the *Grine* Court noted that Section 502(b) states that an open records officer "shall receive requests submitted to the agency under [the RTKL, and] *direct requests to* other appropriate persons within the agency or to *appropriate persons in another agency*" when responding to RTKL requests. 65 P.S. § 67.502(b) (emphasis added). However, neither *Grine* nor Section 502(b) addresses the facts of the instant case, where a requester misdirected his appeal of a RTKL denial. Instead, Section 502(b) merely states what a Commonwealth or local agency's open records officer must do upon receipt of a RTKL request. Simply, it does not apply to a judicial agency's appeals officer or the OOR and is therefore inapposite to the facts of this case.

In sum, we conclude that Requester's arguments on appeal lack merit. As such, we affirm the OOR's Final Determination dismissing Requester's appeal for lack of jurisdiction.

_____
MATTHEW S. WOLF, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sidney Martin, :
              Petitioner :
 :
         v. : No. 108 C.D. 2024
 :
Philadelphia Office of Judicial :
Records (Office of Open Records), :
              Respondent :

# **O R D E R**

AND NOW, this 16th day of June 2025, the January 8, 2024 Final Determination of the Office of Open Records is AFFIRMED.

_____
MATTHEW S. WOLF, Judge